The Honorable Bynum Gibson State Representative 312 South Main Dermott, AR 71638-2439
Dear Representative Gibson:
 This is in response to your request for an opinion regarding an appointment to the City Sewer Commission in the City of Dermott. You state that the particular individual in question resided in Dermott when his appointment to the Commission was first considered, but that he had moved outside the city limits by the time he was approved by the City Council. You also state that he does maintain an office within the city limits. You have asked, specifically, whether it is legal for this individual to continue to serve on the Sewer Commission.
Please note that I have enclosed a copy of Attorney General Opinion 92-112 which concludes that appointed members of city commissions must generally be qualified electors of the city, pursuant to Article 19, Section 3 of the Arkansas Constitution and/or specific statutory authority. Thus, while reference should be made to the particular Code section under which this appointment was made, I assume that the Sewer Commissioners are city officers and that they are required to be qualified electors of the city.[1]
The qualified elector requirement of art. 19, § 3 has been interpreted by the Arkansas Supreme Court to require residence in the political subdivision to be served. See Davis v. Holt,304 Ark. 619, 623, 804 S.W.2d 362 (1991). And it has been held that in determining the qualifications of voters and public officials, the word "residence" is usually treated as if it were synonymous with "domicile." Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972). The question of whether this particular Commissioner is domiciled in the City of Dermott is ultimately one of fact which this office cannot decide. See Ops. Att'y Gen. 92-112 and 90-283. Opinions 92-112 and 90-283 detail the factors to be considered in resolving the issue. These opinions are enclosed for your review.
If the appointee to the Sewer Commission was not, in fact, a qualified elector of the City of Dermott at the time of his appointment, it appears that he cannot serve and that a vacancy exists. See generally Stafford v. Cook, 159 Ark. 438,252 S.W. 597 (1923) (holding that a vacancy exists where the office is filled by one who was ineligible at the time of the election).
While I am unable to provide a conclusive answer due to the factual nature of your question, the foregoing offers general guidance in addressing this matter. It may be advisable, as well, for the city to seek assistance from its local counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Ark. Const. art. 19, § 3 states that "[n]o person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." As noted in Opinion 92-112, the Arkansas Supreme Court has consistently applied art. 19, § 3 to instances where no true "vacancy" exists, but rather where there has merely been an election or appointment to fill an office. Id. at 2.